**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION** | : | |
| **Plaintiff,** | : | **MISC. ACTION NO. ________** |
| **v.** | : | |
| **HYUNDAI ENG AMERICA, INC.,** | : | |
| **Respondent.** | : | |

**MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR ORDER TO SHOW CAUSE**

This case is before the Court on the Application of the Equal Employment Opportunity Commission ("EEOC" or "the Commission") for an Order to Show Cause Why Administrative Subpoena Should not be Enforced. The EEOC is investigating a charge of national origin discrimination filed against Hyundai Eng America, Inc. ("Respondent") under Title VII of the Civil Rights Act, as amended, 42 U.S.C. § 2000e et seq. During its investigation, the EEOC issued a subpoena seeking information and documents relating to its investigation. The subpoena required Respondent to produce this information by June 10, 2026. As of the date of this Application, Respondent has failed to produce the subpoenaed information and documentation. Respondent's continued failure has delayed and hampered the

EEOC's investigation. The EEOC asks this Court to issue an Order to Show Cause why the Subpoena should not be enforced.

## I. FACTUAL BACKGROUND

On December 2, 2024, former EEOC Chair Charlotte Burrows filed Charge of Discrimination 410-2025-02613 (the "Charge") in her capacity as Chair of the Commission, citing the enforcement provisions found within Section 706(b) of Title VII of the Civil Rights Act of 1964. (Exhibit 1, Declaration of Darrell E. Graham, District Director ("Dir. Decl.") ¶ 4, Attachment 1). Then-Chair Burrows's Charge alleges that, since at least 2023, Respondent has failed or refused to hire or promote non-Korean individuals for its operations in Alabama and Georgia, and that Respondent's alleged conduct may constitute unlawful employment practices based on national origin.

On February 6, 2026, the EEOC served Respondent with Subpoena No. AT-26-007, by sending it to Respondent's CEO, Juhyun Yun, via certified mail. (Dir. Decl.) ¶ 4b, Attachment 3). On February 6, 2026, Respondent filed a petition to revoke or modify Subpoena No. AT-26-007. (Dir. Decl. ¶ 4c, Attachment 4). On May 11, 2026, the Commission denied Respondent's petition, in part. (Dir. Decl. ¶ 4d, Attachment 5). The Commission ordered Respondent to produce the following information sought by Subpoena No. AT-26-007, by June 10, 2026:

Relevant dates include January 1, 2020, to present.

A. Submit in electronic format, as described below in Section II, the following data as it relates to all current and former employees employed at Respondent's Alabama and Georgia locations during the period of January 1, 2020 to present. This information includes employees' complete employment history going back to date of hire. For each employee, provide all populated fields in each of the names/files listed below from the BambooHR system. If Respondent does not maintain populated data in any of the tables or fields listed below, please indicate this in writing in your response and provide the requested data from the data table and field in which it resides.

a. Last name, First name
b. Self-service access
c. Employee #
d. Status
e. First Name
f. Middle Name
g. Last Name
h. Birth Date
i. SSN
j. Omitted[1]
k. Nationality
l. Omitted[2]
m. Omitted
n. Omitted
o. Omitted
p. Omitted
q. Omitted
r. Omitted
s. Omitted
t. Omitted
u. Omitted

---

[1] In accordance with the May 11, 2026, Determination on the Petition to Revoke or Modify Subpoena No. AT-25-043, the EEOC declines at this time to seek to enforce responses to the requests made in Sections I-A-j, u, v, and w and I-B-p and q of the Subpoena. (Dir. Decl. Attachment 5, p. 12, n. 8).

[2] The Commission granted Respondent's petition as to l through t, and stated that in lieu of providing this information, Respondent may provide the last-known contact information of each listed employee.

v. Omitted
w. Omitted
x. Hire Date
y. Original Hire Date
z. Ethnicity
aa. EEO Job Category
bb. Employment Status: Date
cc. Employment Status
dd. Termination Type
ee. Termination Reason
ff. Pay Schedule
gg. Pay Type
hh. Pay Rate
ii. Job Information: Date
jj. Location
kk. Division
ll. Department
mm. Job Title

B. Respondent indicated in their supplemental response to the January 25, 2025 Request for Information, dated September 9, 2025, that applicant data is unable to be exported in an Excel or similar spreadsheet. If the statement regarding Respondent's inability to export data was made in error, we request that Respondent submit in electronic format, as described below in Section II, the following data as it relates to all applicants who applied to any of Respondent's Alabama and Georgia locations during the period of January 1, 2020 to present. This includes all applicant history going back to date of application for each application. For each applicant, provide all populated fields in each of the names/fields listed below from the BambooHR system. If Respondent does not maintain populated data in any of the tables or fields listed below, please indicate this in writing in your response and provide the requested data from the data table and field in which it resides.

a. Candidate or Applicant ID
b. Application ID
c. Date Applied
d. Full Name
e. Email Address
f. Home Address
g. Phone Number

h. Position Applied For
i. Division
j. Department
k. Location
l. Current/Former Employee
m. EEO Category
n. Race/Ethnicity
o. National Origin
p. Omitted
q. Omitted
r. Highest Education Obtained
s. Hire Date
t. Candidate Ranking

C. If Respondent maintains the claim that they are unable to export applicant data, the Commission requests an interview with the person most knowledgeable about Respondent's BambooHR Applicant Tracking System to discuss these contentions. Please reach out to the investigator to provide details regarding the person most knowledgeable and availability for the interview.

(Dir. Decl., Attachment 2).

As explained below, this information is necessary to investigate the Charge. On June 15, 2026, Respondent submitted a deficient response to Subpoena No. AT-26-007. (Dir. Decl., Attachment 6). Specifically, Respondent ignored the clearly stated temporal scope of the investigation, January 1, 2020, to present, and instead substituted their own, from January 1, 2023, to present. (Dir. Decl., Attachment 6). Respondent further objected to providing information on fields pertaining to applicant data in their BambooHR system, instead responding to a limited set of items. (Dir. Decl., Attachment 6). The information provided by Respondent was so limited that the Commission was unable to conduct any meaningful investigative

analysis. (Dir. Decl., Attachment 7). On June 30, 2026, the Commission issued Respondent a deficiency letter stating that Respondent had not provided the information requested in the subpoena and ordered by the Commission's Determination on Respondent's Petition to Revoke. (Dir. Decl., Attachment 7).

On July 20, 2026, after receiving the Commission's deficiency letter, Respondent provided a supplemental response to Subpoena No. AT-26-007. (Dir. Decl., Attachment 8). However, in its supplemental response, Respondent stated that it was "providing the additional requested data fields it can export from BambooHR for employees in Alabama and Georgia from January 1, 2023, to present [...] and include[d] all requested data fields Respondent tracks for employees, other than the following non-relevant data: dates of birth, termination reason, pay type, pay schedule, and pay rate." (Dir. Decl., Attachment 8). Respondent further argued, "an investigation cannot reach further back in time than the charge it serves, and the charge alleges only a belief of potential discrimination since 2023. Data predating 2023 is therefore beyond the scope of the charge." *Id.* Additionally, Respondent maintained that Facilities Management's BambooHR system does not track nationality. *Id.* To date, Respondent has refused to provide termination reason, pay type, pay schedule, and pay rate for employees; refused to provide nationality data for employees; has not provided hire date for applicants; and has refused to provide all employee and applicant data for dates prior to January

1, 2023. The EEOC now seeks to enforce the Subpoena with respect to those categories of information sought.

## II. ARGUMENT

### A. Standard of Review

The district court's role in a subpoena enforcement proceeding is limited: it is not to test the strength of the underlying complaint but should satisfy itself that the charge is valid and that the material requested is relevant to the charge. *McLane Co. v. E.E.O.C.*, 581 U.S. 72, 76 (2017) (citing, *University of Pa. v. EEOC*, 493 U.S. 182, 191 (1990)). If the charge is proper and the material requested is relevant, the district court should enforce the subpoena unless the employer establishes that the subpoena is "too indefinite," has been issued for an "illegitimate purpose," or is unduly burdensome. *McLane Co.*, 581 U.S. at 76. Under Title VII, "the Commission may insist that the employer disgorge any evidence relevant to the allegations of discrimination contained in the charge, regardless of the strength of the evidentiary foundation for those allegations." *E.E.O.C. v. Shell Oil Co.*, 466 U.S. 54, 71-72 (1984). Therefore, any effort by the court to assess the likelihood that the Commission would be able to prove the claims made in the charge would be reversible error. *Id.* at n. 26.

The EEOC has the authority to issue a subpoena in this administrative case. Congress has authorized the EEOC to investigate charges of discrimination alleging

Title VII violations. 42 U.S.C. § 2000e-9. Toward this end, Congress has conferred on the EEOC broad powers of access to records, of those entities against whom charges have been filed, 42 U.S.C.§ 2000e-8(a)).

The Court should enforce the Subpoena for the following reasons: (1) the Charge is valid; (2) the material requested is relevant to the Charge; (3) the subpoena is definite, has been issued for a legitimate purpose, and is not unduly burdensome.

**B. The Charge is valid.**

A valid charge has been filed, and the Subpoena contains all the information required by EEOC regulations. *See* 29 C.F.R. § 1601.16(a) (listing elements of subpoena)[3]; 29 C.F.R. § 1601.12 (listing requirements for contents of a charge of discrimination); *see also Shell Oil Co.*, 466 U.S. at 67-74 (addressing requirements of valid charge); 29 C.F.R. § 1601.12 (same). Respondent has not disputed that these basic requirements have been met.

**C. The material requested is relevant to the Charge.**

Title VII broadly grants the EEOC access to "any evidence of any person being

---

[3] 29 C.F.R. § 1601.16(a) states, in relevant part:

> The subpoena shall state the name and address of its issuer, identify the person or evidence subpoenaed, the person to whom and the place, date, and the time at which it is returnable or the nature of the evidence to be examined or copied, and the date and time when access is requested. A subpoena shall be returnable to a duly authorized investigator or other representative of the Commission.

investigated or proceeded against that relates to unlawful employment practices . . . and is relevant to the charge under investigation." 42 U.S.C. § 2000e-8(a). "[C]ourts have generously construed the term 'relevant' and have afforded EEOC access to virtually any material that might cast light on the allegations against the employer." *Shell Oil Co.*, 466 U.S. at 68–69. To determine the scope of the EEOC's investigative power, "'the scope of the original charge should be liberally construed.'" *EEOC v. Kronos, Inc.*, 620 F.3d 287, 300 (3d Cir. 2010) (quoting *Hicks v. ABT Assocs., Inc.*, 572 F.2d 960, 965 (3d Cir. 1978)).

(1) Hire date, termination reason, pay type, pay schedule, and pay rate

Statistics showing applicants, hires, terminations, and promotions by national origin are directly relevant to investigating hiring discrimination. *See E.E.O.C. v. Sears, Roebuck & Co.*, 1980 WL 340, at *2 (N.D. Ga. 1980) (EEOC gathered and assessed data as to defendant's employment practices at a large number of facilities, and found statistics and other information indicating racial discrimination); *see also EEOC v. Hospman, LLC*, 2016 WL 5942386, at *2 (M.D. Fla. 2016) (court compelled employer to provide the "name, race, position title at termination, date of hire, position at hire, if promoted, [ ] position at promotion and date of promotion, date of termination, each and every reason Defendant terminated each individual named, and last known contact information" when litigating a claim of discrimination). Furthermore, the United States District Court for the Northern

District of Georgia recently enforced a subpoena requesting information related to termination reasons for former employees who had not filed a charge of discrimination with the EEOC because their termination reasons were relevant to the EEOC's investigation. *See EEOC v. Benihana Nat'l Corp.*, No. 1:26-cv-00706, ECF No. 6 (N.D. Ga. Aug. 28, 2026).

In this case, the EEOC is investigating Charging Party's allegations that Respondent has failed or refused to hire or promote non-Korean individuals for its operations in Alabama and Georgia. Dates of hire are relevant because they can show whether non-Korean employees were hired and whether Korean employees were promoted in relation to seniority. Additionally, "termination reason" would show the reason non-Korean employees have been terminated as compared to Korean employees. Finally, pay data such as pay type, pay schedule, and pay rate, all would show whether Korean employees were earning more and being promoted more frequently than non-Korean employees.

(2) Nationality

The allegations contained in the Charge directly relate to national origin. Therefore, national origin information is highly relevant to the Commission's investigation. Without this information, the Commission cannot meaningfully investigate this Charge.

Respondent argues that its system does not track nationality. However, the

EEOC may compel an employer to compile information within its control in order to respond to a subpoena; the subpoena power of the EEOC is not limited to production of documents already in existence. *E.E.O.C. v. Citicorp Diners Club, Inc.*, 985 F.2d 1036, 1038-39 (10th Cir. 1993).

> A subpoena may require production of evidence which does not currently exist in documentary form. For example, in a case involving race discrimination in promotion, payroll and personnel records may contain the names, positions, and addresses of the candidates eligible for promotion but may not contain their telephone numbers and their racial identity. A subpoena may specify that lists be provided which contain these two items, since the information, while undocumented, is within the control of the respondent to produce.

*See* EEOC Compliance Manual 24.4(a), 2006 WL 4673087.

In this case, although Respondent contends that its Bamboo HR system does not track nationality, Respondent can reasonably obtain the requested information from its current and former employees.[4] Indeed, Respondent is in possession of the information requested and has the ability to obtain the requested information related to national origin.

---

[4] For example, in addition to being able to collect the information directly from employees, the U.S. Department of Homeland Security requires all employers to complete a Form I-129 to allow a non-citizen to work in the United States, and the form requires that the employer disclose nationality of the employee. Additionally, Form I-9 requires employers to collect information that could shed light on the national origin of its employees.

(3) Data dating back to January 1, 2020

The EEOC is entitled to obtain information predating January 1, 2023. The EEOC charge alleges that the systemic failure to hire or promote non-Korean individuals in Alabama and Georgia for multiple years has been carried out since *at least* 2023. (Dir. Decl., Attachment 1). Respondent maintains that the Subpoena's requests for information dating back to January 1, 2020, seeks data about a period greater than any potential statute of limitations, and that the EEOC is not entitled to information about individuals dating back to January 1, 2020, because Respondent would have a defense to any claims later asserted related to such individuals. Respondent also argues that an investigation cannot reach further back in time than the charge it serves, and the charge alleges only a belief of potential discrimination since 2023.

"[T]he EEOC's authority to investigate is not negated simply because the party under investigation may have a valid defense to a later suit." *EEOC v. Tempel Steel Co.*, 814 F.2d 482, 485 (7th Cir. 1987) (citing *EEOC v. A.E. Staley Mfg. Co.*, 711 F.2d 780, 788 (7th Cir. 1983)); *see also EEOC v. Schwan's Home Serv.*, 644 F.3d 742, 747 (8th Cir. 2011) ("a valid defense to a subsequent lawsuit does not prevent an EEOC investigation") (internal citation omitted); *EEOC v. Roadway Express, Inc.*, 750 F.2d 40, 42 (6th Cir. 1984) (noting that the administrative subpoena enforcement stage "is not the proper time to litigate the merits of a claim,

either procedurally or substantively"); *see also EEOC v. Schwan's Home Serv.*, 644 F.3d 742, 747 (8th Cir. 2011) ("a valid defense to a subsequent lawsuit does not prevent an EEOC investigation") (internal citation omitted); *EEOC v. Roadway Express, Inc.*, 750 F.2d 40, 42 (6th Cir. 1984) (noting that the administrative subpoena enforcement stage "is not the proper time to litigate the merits of a claim, either procedurally or substantively").

Moreover, even if a statute of limitations would prevent the assertion of a claim for relief on behalf of any individual, their experience may still serve as competent evidence for investigating and evaluating claims of widespread national origin discrimination. *See Jackson v. Quanex Corp.*, 191 F.3d 647, 668 (6th Cir.1999) ("[E]ven evidence of conduct that is time-barred 'may constitute relevant background evidence in a proceeding in which the status of a current practice is at issue.'") (quoting *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558 (1977)). *See also Kronos, Inc.*, 620 F.3d at 299 (rejecting arguments that EEOC subpoena was temporally overbroad as it pertained to failure-to-hire allegations because "[e]vidence related to the employment practice under investigation prior to and after [the]charge provides valuable context that may assist the EEOC in determining whether discrimination occurred"); *see also EEOC v. John Wieland Homes & Neighborhoods, Inc.*, No. 1:06-CV-1804-WSD, 2006 WL 8453159, at *7 (N.D. Ga.

Sept. 25, 2006) (holding that reasonably relevant time period for producing responsive documentation extended more than three years).

Additionally, the continuing violation doctrine permits the Commission to seek information on an otherwise time-barred claim when additional violations of the law may have occurred within the statutory period. *See Brantley Cnty. Dev. Partners, LLC v. Brantley Cnty., Georgia by & through Chairman & Members of Brantley Cnty. Bd. of Commissioners*, 559 F. Supp. 3d 1345, 1365 (S.D. Ga. 2021) (citing *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1221 (11th Cir. 2001); *Ctr. for Biological Diversity v. Hamilton*, 453 F.3d 1331, 1334 (11th Cir. 2006)). *See also Banks v. McIntosh Cnty., Ga.*, No. 2:16-CV-53, 2022 WL 400810, at *12 (S.D. Ga. Feb. 9, 2022) (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101. 115 (2002)) (applying continuing violation doctrine to alleged pattern or practice of discrimination "which, unlike discrete acts, 'occur over a series of days or perhaps years' and 'are based on the cumulative effect of individual acts.'"); *Steele v. City of Port Wentworth, Ga.*, No. CV405-135, 2008 WL 717813, at *15 (S.D. Ga. Mar. 17, 2008) (quotation omitted) ("A systemic violation has its roots in a discriminatory policy or practice; so long as the policy or practice itself continues into the limitations period, a challenger may be deemed to have filed a timely complaint.").

**D. Respondent cannot establish that the subpoena is "too indefinite" has been issued for an "illegitimate purpose," or is unduly burdensome.**

(1) Definite

The Subpoena seeks several clear and discrete categories of information that are not too indefinite to make the Subpoena unenforceable. The Subpoena requests are definite, narrowly tailored to the Charge, and do not require any interpretation to determine what is being sought. Therefore, the demand for the information sought in the Subpoena is not too indefinite to be enforced. *See EEOC v. KB Staffing, LLC*, No. 8:14-mc-41-T-30AEP, 2014 WL 12628619, at *4 (M.D. Fla. Aug. 28, 2014) (holding narrowly tailored requests specifying documents sought and specific time frame not too indefinite); *EEOC v. John Wieland Homes & Neighborhoods, Inc.*, No. 1:06-CV-1804-WSD, 2006 WL 8453159, at *7 (N.D. Ga. Sept. 25, 2006) (holding that reasonably relevant time period for producing responsive documentation extended more than three years). *See also Kronos, Inc.*, 620 F.3d at 299 (holding that district court abused discretion by limiting temporal scope of subpoena, as "[e]vidence related to the employment practice under investigation prior to and after Sandy's charge provides valuable context that may assist the EEOC in determining whether discrimination occurred.").

(2) Legitimate

Courts have defined illegitimate purposes narrowly, typically requiring evidence of harassment, bad faith, or personal vendettas. *See Equal Emp.*

*Opportunity Comm'n v. First Alabama Bank of Birmingham*, 440 F. Supp. 1381 (N.D. Ala. 1977). In the only Eleventh Circuit case where a subpoena was denied for an illegitimate purpose, a subpoena had been issued as a result of a personal vendetta by a rogue investigator against the company's attorney. *Id.*

In this case, there is no connection between the EEOC and Respondent. There is also no evidence of harassment or bad faith. The EEOC is merely attempting to conduct its investigation into the allegations made in the Charge. Respondent cannot show that the Commission is acting in bad faith.

(3) Not Unduly Burdensome

For the reasons discussed, the EEOC has shown that the Subpoena is within its authority, is sufficiently definite, and requests documentation and information relevant to the investigation. As such, the Court should enforce the Subpoena unless compliance would be "unduly burdensome in the light of the company's normal operating costs." *EEOC v. Md. Cup Corp.*, 785 F.2d 471, 479 (4th Cir. 1986). In conducting this analysis, "this court's task is to weigh the likely relevance of the requested material to the investigation against the burden to [Respondent] of producing the material." *EEOC v. Ford Motor Credit Co.*, 26 F.3d 44, 47 (6th Cir. 1984). Conclusory allegations that it would be burdensome to respond to the Subpoena are insufficient to meet Respondent's burden. *EEOC v. United Air Lines*, 287 F.3d 643, 653 (7th Cir. 2015).

Here, Respondent cannot show that compliance with the Subpoena would seriously threaten to disrupt or hinder the normal operation of its business. For the reasons discussed, this information is highly relevant and necessary to the EEOC's investigation. In addition, producing this information will be minimally burdensome. The subpoena requests a specific information that primarily can be discerned from its current employees and from existing documents that are readily identifiable and available to Respondent. Any inconvenience Respondent may suffer in responding to the Subpoena does not rise to a level of burden required by law to preclude compliance with an administrative subpoena. Thus, the Subpoena must be enforced.

## III. CONCLUSION

For the foregoing reasons, the EEOC respectfully asks that this Court enforce the Subpoena. The Commission seeks a complete response to Sections I-A-a

through I-A-i,[5] k,[6] x-mm,[7] I-B-a through I-B-o,[8] r,[9] s,[10] and t,[11] from January 1, 2020, through the present, and last known contact information for each employee listed, as instructed by the Commission's Determination (Dir. Decl., Attachment 5). As it relates to the deficient information provided from January 1, 2023, through the present, the Commission seeks a response to Sections I-A-k,[12] ee-hh,[13] and I-B-s.[14] The Subpoena seeks information that is definite and relevant to a valid Charge of Discrimination within the EEOC's enforcement authority. Respondent cannot establish that complying with the Subpoena would be unduly burdensome. The EEOC therefore urges the Court to issue the accompanying proposed Order to Show

---

[5] This includes a. Last name, First name, b. Self-service access, c. Employee #, d. Status, e. First Name, f. Middle Name, g. Last Name, h. Birth Date, and i. SSN.
[6] k. nationality
[7] This includes x. Hire Date, y. Original Hire Date, z. Ethnicity, aa. EEO Job Category, bb. Employment Status: Date, cc. Employment Status, dd. Termination Type, ee. Termination Reason, ff. Pay Schedule, gg. Pay Type, hh. Pay Rate, ii. Job Information: Date, jj. Location, kk. Division, ll. Department, mm. Job Title.
[8] This includes a. Candidate or Applicant ID, b. Application ID, c. Date Applied, d. Full Name, e. Email Address, f. Home Address, g. Phone Number, h. Position Applied For, i. Division, j. Department, k. Location, l. Current/Former Employee, m. EEO Category, n. Race/Ethnicity, and o. National Origin.
[9] r. Highest Education Obtained
[10] s. Hire Date
[11] t. Candidate ranking
[12] k. Nationality
[13] This includes ee. Termination Reason, ff. Pay Schedule, gg. Pay Type, and hh. Pay Rate.
[14] s. Hire Date

Cause and, after giving Respondent an opportunity to be heard, enforce the Subpoena.

Respectfully submitted, this 24th day of September, 2026.

*s/ Iriel Jones*
Iriel Jones
Trial Attorney
Georgia Bar No. 266716
iriel.jones@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, Georgia 30303
(470) 531-4808 (direct)
(404) 408-6897 (mobile)